CARL D. and JOANN MARACLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maracle v. Commissioner
Docket No. 7942-89
United States Tax Court
T.C. Memo 1991-98; 1991 Tax Ct. Memo LEXIS 117; 61 T.C.M. (CCH) 2083; T.C.M. (RIA) 91098; March 5, 1991, Filed *117 Carl D. Maracle, pro se. Matthew I. Root, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies and additions to tax in petitioners' Federal income tax as follows: Additions to Tax
Sec. 6653(a)(1)
Sec. 6653(a)(2)
for 1985 and
for 1985 and
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Year
Deficiency
Sec. 6651(a)(1)
for 1986
for 1986
1985
$ 3,127
--
$ 156 * 1986
$ 3,164
$ 316
$ 158 * Respondent filed a motion for summary judgment pursuant to Rule 121. [1] Respondent's motion challenges petitioners' claimed exemption from Federal income taxes by reason of petitioners' status as members of the Mohawk Nation of Indians, a constituent Nation of the Iroquois Confederacy of Six Nations. Respondent's motion also requests that we sustain his imposition of *118 the additions to tax as a matter of law. FINDINGS OF FACT Petitioners, Carl D. and Joann Maracle, husband and wife, are members of the Mohawk Nation of Indians. They resided in Deseronto, Ontario, Canada, at the time they filed their petition. During 1985, Carl D. Maracle (singularly referred to as petitioner) was employed by several construction firms in the United States, receiving $ 32,262 in wages; he also received unemployment compensation totalling $ 3,060. In addition, petitioners received $ 434 an interest income in 1985. Petitioners reported the wages and interest income on their joint 1985 tax return; they noted receipt of the unemployment compensation on the return but claimed it was nontaxable. During 1986, petitioner received wages totalling $ 33,118 from numerous construction firms in the United States; *119 he also received $ 20 as a pension distribution and $ 1,440 in unemployment compensation. In addition, petitioners received $ 624 in interest income in 1986. Petitioners reported the wages and interest income on their joint 1986 tax return; they noted receipt of the pension distribution and unemployment compensation on the return but claimed both were nontaxable. Petitioners did not report any taxable income or tax due on their 1985 or 1986 returns. Petitioners attached affidavits to the returns, citing various treaties between the Six Nations and the United States and laws of the United States as the grounds for their tax exemption. Respondent received the 1986 return on May 28, 1987. Respondent does not have the envelope in which the 1986 return was mailed. Respondent determined that petitioners were available for the negligence additions to tax for 1985 and 1986 and the late filing addition to tax for 1986. OPINION Preliminarily, we note that the granting of a motion for summary judgment is the exception in Federal practice. The existence of any reasonable doubt as to the facts at issue must result in the denial of the motion. . *120 When a party requests summary judgment, any inferences which must be drawn from the underlying facts are viewed in the light most favorable to the party opposing the motion. . We now turn to the separate issues presented in this case. In , the Supreme Court stated that "Indians are citizens and * * * in ordinary affairs of life, not governed by treaties or remedial legislation, they are subject to the payment of income taxes as are other citizens." The claimed exemption from Federal income taxation must be based upon "express exemptive language in some statute or treaty." . In petitioners' memorandum filed in opposition to respondent's motion for summary judgment, they assert that as members of the Mohawk Nation, they are exempt from Federal income taxation, citing among other authorities, portions of the Articles of Confederation, "The Treaty of the Six Nations, 1974," "The Proceedings of the Commissioners Appointed to Negotiate a Treaty with the Six Nations, 1775," *121 the United States Constitution, and Title 25 of the United States Code. Petitioners have not supported their claimed exemption by relying upon explicit language from either a treaty or statute, and we believe there to be none. In , and in , we rejected arguments similar to those advanced by petitioners. We do so again herein. Petitioners are not exempt from taxation; thus, partial summary judgment is granted with respect to respondent's determination of the deficiencies. Section 6653(a)(1) for 1985 (and section 6653(a)(1)(A) for 1986) imposes an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) for 1985 (and section 6653(a)(1)(B) for 1986) imposes an addition to tax of 50 percent of the interest payable on the underpayment which is attributable to negligence or intentional disregard of rules. Petitioners dispute respondent's determination of the additions to tax for negligence. Our resolution of this dispute will turn on the weight of the evidence. Consequently, *122 respondent's motion for summary judgment is denied with respect to the additions to tax for negligence. Petitioners also dispute respondent's determination of the addition to tax for late filing. Pursuant to section 7502(a)(1), if a return is delivered by United States mail to the Internal Revenue Service office where the return is required to be filed after the date prescribed for its filing, the date of the U.S. postmark stamped on the envelope in which the return is mailed is deemed to be the date the return is filed. Section 7502(a) provides: (2) MAILING REQUIREMENTS. -- This subsection shall apply only if -
(A) the postmark date falls within the prescribed period on or before the prescribed date - (i) for the filing (including any extension granted for such filing) of the return * * *
* * * and (B) the return * * * was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return * * * is required to be filed * * *
The parties agree that the return was delivered to the Internal Revenue *123 Service after the date prescribed for its filing. The parties dispute whether the requirements of section 7502(a)(2) have been met. Petitioners contend that they mailed their 1986 return on April 15, 1987, in an envelope, postage prepaid, properly addressed to the Internal Revenue Service. Although respondent does not have the envelope in which the return was mailed, petitioners may offer direct proof of the postmark date at trial. , affd. . Petitioners may also offer proof at trial that they placed an envelope containing the return and having the proper postage and address in the U.S. mail. Accordingly, summary judgment with respect to the addition to tax for late filing under section 6651(a)(1) is denied. To reflect the foregoing, An appropriate order will be issued. Footnotes
*. 50 percent of the interest attributable to the portion of the underpayment that is due to negligence or intentional disregard of the rules and regulations.↩
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩